STATE OF MAINE

YORK, ss.

SHIRLEY A. STONE,

    Plaintiff

  v.

H. A. STONE & SONS, INC.,

    Defendant/
   Third-Party Plaintiff

  v.

SEARS, ROEBUCK AND CO., et al.,

   Third -Party Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-227

JUN 10 A 12 PAF —YOR— 6/10/2002

**ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

JUN 14 2002

Shirley Stone severely injured her hand while using a saw owned by H.A. Stone & Sons, Inc., which was manufactured by Emerson Electric Co. Defendant H.A. Stone has filed a third-party complaint against Emerson Electric Co. and has sought documents from Emerson regarding, among other topics, guarding of its radial arm saws. Emerson has been in business for a long time, manufactures a significant number of products, and has generated thousands of potentially relevant documents which it has assembled in a document room or repository at a law firm in St. Louis.

Initially Emerson invited H.A. Stone and any other parties who were interested to go to St. Louis and determine for themselves what documents they

wanted to view. Since the number of documents was so large and little information was available about the contents of each document, H.A. Stone resisted. After a conference with this Court, it was ordered that an "index" of the documents be prepared and it was later ordered that the "index" be made available in Portland, Maine, for review by interested counsel. The "index", while helpful, does not provide extensive information about the content of each document. The "index" has information about the product, author, recipient and title of each document. The "title" information is generally brief consisting of entries characterizing the document such as a report, notes, drawing, catalog, data, request, or sheet involving a particular topic or issue.

Emerson, through its various attorneys, has prepared a more detailed description of each document listed in the "index" which it calls an "abstract". I have reviewed a few of those abstracts which are often only a few sentences in length. H.A. Stone would like to have access to the "abstracts" while Emerson, with equal vigor, has resisted claiming attorney work product. Emerson also argues that H.A. Stone will at some point need to either conduct some depositions, particularly of James Metzger, or go to St. Louis. H.A. Stone counters that without the "abstracts" the document search would be excessively burdensome. This dispute has been presented to the Court and discussed in a conference with counsel.

This dispute is complicated by H.A. Stone's inability, without examining the documents, to indicate with certainty which ones it needs to see and the likely large mass of paper that Emerson has assembled. The initial list of documents without

2

the index was nearly useless, the "index" is helpful, the "abstracts" are more helpful, and executive summaries of a paragraph or page would be even more helpful if they existed. Eventually, however, the documents would have to be examined.

Must the "abstracts" be made available to H.A. Stone and any other interested party? The answer is no. The governing rule is Rule 26(b)(3), M.R.Civ.P. The "abstracts" are work product within the meaning of Rule 26(b)(3). H.A. Stone has a substantial need for the "abstracts" given the huge number of documents and the time consuming nature of examining documents based on the brief description of them found in the "index". The "abstract" cannot be obtained by other means, though the documents are obviously available for inspection. The "abstracts" cannot, in many instances, be shared with opposing counsel without disclosing the "mental impressions, opinions or legal theories of an attorney or other representative of a party concerning the litigation." While it may have been a deliberate decision to create "abstracts" which include "opinion" work product, the "abstracts" need not be produced for inspection.

If H.A. Stone had a more precise request, it might be possible to utilize Rule 34(b), M.R.Civ.P. which requires that "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request."

There is often a tension between the requests of plaintiffs that are thought to be burdensome or overbroad and the responses of defendants which are characterized as obstructionist or evasive. The approach taken by Emerson, as long

3

as the index is available and in the absence of a more precise request, just meets the minimum requirements of such cases as *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76-7 (D. Mass. 1976). The documents are adequately disclosed and are not concealed. While it is difficult to identify and locate the documents without some expense and time the abuses which Judge Julian criticized in *Kozlowski* are not present here. There is certainly a concern that abstracts could have been prepared which were "fact" based and avoided opinions and would have been more helpful in locating documents.

The parties have also discussed the potential depositions of Emerson's experts or other witnesses. If H.A. Stone or any party requests that Emerson provide a transcript of prior depositions in other cases of any of those witnesses, Emerson shall provide the other parties with a copy of any deposition transcripts that it or its witness has. The requesting party shall pay the photocopying and mailing expense related to its request.

The entry is:

> H.A. Stone & Son's request for access to the Emerson Electric Co. "abstracts" is denied.
>
> The parties shall confer and submit a proposed amended scheduling order.

Dated:  June 7, 2002

```
Harold J. Friedman, Esq. - PL
Frederick C. Moore, Esq. - DEF H.A. Stone & Sons, Inc.
                     F/P DEF. Herbert Stone        Paul A. Fritzsche
Harrison L. Richardson, Esq. - T/P Defendant        Justice, Superior Court
                     Emerson Electric
John A. Graustein, Esq.)
Gregory M. Kopacz, Esq.)  T/P Defendant Sears, Roebuck & Co.
```

4